UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| MICHELLE McNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:-17-cv-171 |
| | ) | |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, MICHELLE McNEIL ("Plaintiff"), by and through her attorneys, and for Plaintiff's Complaint against Defendant, SYNCHRONY BANK ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who resides in Las Vegas, Clark County, Nevada.

5. Defendant is a business entity with a business office in Kettering, Ohio.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant places telephone calls to ▮▮▮▮▮▮▮▮.

8. Telephone number ▮▮▮▮▮▮▮▮ is assigned to Plaintiff's cellular telephone.

9. The calls from Defendant are not for emergency purposes.

10. These calls are made in connection with an attempt to collect an alleged debt.

11. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

12. On or about March 1, 2016, Plaintiff instructed Defendant to stop calling her cell phone.

13. Plaintiff revoked any consent, actual or implied, for Defendant to use an automatic telephone dialing system to call her cell phone.

14. Defendant continued to call Plaintiff's cell phone after March 1, 2016.

15. Plaintiff spoke with Defendant again after March 1, 2016, and repeated her request that Defendant stop calling her cell phone.

16. Defendant continued to call Plaintiff's cell phone.

17. Since March 1, 2016, Defendant called Plaintiff's cell phone at least one-hundred and ninety-one (191) times.

18. Defendant called Plaintiff's cell phone multiple times in a single day.

19. Defendant used an automatic telephone dialing system to place these calls.

20. Defendant placed these calls voluntarily.

21. Defendant placed these calls under its own free will.

22. Defendant knew or should have known Plaintiff did not want it to call her cell phone.

23. Defendant knew or should have known that it did not have Plaintiff's prior express consent to use an automatic telephone dialing system to call Plaintiff's cell phone after March 1, 2016.

24. Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone after March 1, 2016.

25. Plaintiff is annoyed and feels harassed by Defendant's calls.

## COUNT 1
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for the following:

28. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

29. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

30. All court costs, witness fees and other fees incurred.

31. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: May 16, 2017

/s/ David M. Tannehill
David M. Tannehill
KROHN & MOSS, LTD.
Rosewood Place
1406 Westwood Ave., Suite 206
Lakewood, OH 44107
(216) 901-0609 x204 (Direct)
web: www.krohnandmoss.com
Attorney for Plaintiff